UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DIANA McCARTY,

          Plaintiff,                                Case No.: 3:12-CV-323

  vs.

COMMISSIONER OF                         District Judge Thomas M. Rose
SOCIAL SECURITY,                    Magistrate Judge Michael J. Newman

          Defendant.

## REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED

This is a Social Security disability benefits appeal.  At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not disabled within the meaning of the Social Security Act and therefore unentitled to Disability Insurance Benefits ("DIB").  This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's Memorandum in Opposition (doc. 11), Plaintiff's Reply (doc. 12), the administrative record (doc. 7), and the record as a whole.[2]

## I.

### A.  Procedural History

Plaintiff filed for DIB on July 14, 2008, alleging a disability onset date of November 29, 2006.  PageID 168-72.  Plaintiff claims she is disabled due to multiple impairments including, *inter alia*, degenerative disc disease.  PageID 192.  Following initial administrative denials of her application, Plaintiff received a hearing before ALJ Amelia G. Lombardo on January 28, 2011.

---

[1]Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2]Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.  Additionally, Plaintiff's pertinent medical records have been adequately summarized in her Statement of Errors and the administrative decision, *see* doc. 9 at PageID 730-35; PageID 43-53, and the Court will not repeat them here.  Where applicable, the Court will identify the medical evidence relevant

PageID 83-101.  On May 10, 2011, ALJ Lombardo issued a written decision, finding Plaintiff

not disabled.  PageID 40-53.  Specifically, the ALJ's findings were as follows:

1.    The claimant meets the insured status requirements of the Social Security Act [ . . . ];

2.    The claimant has not engaged in substantial gainful activity since November 29, 2006, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*);

3.    The claimant has the following severe impairments: degenerative disk disease of the lumbosacral spine, with the residuals of a lumbar discectomy with spinal fusion (20 C.F.R. § 404.1520(c));

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526);

5.    After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity [("RFC")][3] to perform light work as defined in 20 C.F.R. § 404.1567(b).  Giving the claimant the full benefit of doubt with regard to her allegations and subjective complaints, it is found that she is limited to jobs that would require her to stoop, kneel, crouch, or crawl on no more than an occasional basis.  She is further limited to work that would afford her the opportunity to alternate between sitting and standing at intervals of thirty minutes;[4]

6.    The claimant is capable of performing past relevant work as an insurance processor.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565); [and]

7.    The claimant has not been under a disability, as defined in the Social Security Act, from November 29, 2006, through the date of this decision (20 C.F.R. § 404.1520(g)).

to its decision.

   [3] A claimant's RFC is the most physical exertion a claimant can perform in the workplace despite his or her impairments and any related symptoms, such as pain.  20 C.F.R. § 404.1545(a).  The assessment is based on all relevant evidence in the record and the claimant's ability to meet the physical, mental, sensory, and other requirements for work as described in 20 C.F.R. §§ 404.1545(b), (c), and (d).

   [4] The Social Security Administration ("SSA") classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.* § 404.1567(b).  An individual who can perform light work is presumed also able to perform sedentary work.  *Id.*

PageID 46-53 (brackets and footnotes added).

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 33-36; *see Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 435 (6th Cir. 2007).

### B. Plaintiff's Hearing Testimony

At the administrative hearing, Plaintiff testified that she is 5'9" and weighs 196 pounds. PageID 782. She graduated from high school and later earned an associate's degree in accounting. PageID 784. Plaintiff left her job as an insurance processor in 2007. PageID 785. In this position, she sat and made telephone calls. *Id*. She has not attempted to work since. *Id.* Plaintiff received short term disability payments from her employer through November 2009, when she was deemed no longer disabled. PageID 786.

Plaintiff testified that she underwent a lumbar discectomy with fusion in 2009. PageID 786. She stated that the surgery went well and she felt better initially, but then began to experience lower back pain again. PageID 787. Since her surgery, she has been treated with two nerve blocks and she sees a pain management specialist. PageID 788. She uses a cane for ambulatory assistance, but this has not been prescribed by a physician. PageID 789.

With respect to her physical abilities, Plaintiff reported that she can lift a gallon of milk, walk for approximately 200 feet, stand for fifteen minutes without interruption, and sit for thirty minutes at a time. PageID 789-90. Plaintiff rated her pain as being between five and six on a scale from one through ten. PageID 792. Plaintiff spends a typical day watching television and alternating between lying down and walking around the house. PageID 790.

### C. Vocational Expert Testimony

Mark Pinti, a vocational expert ("VE"), also testified at the hearing. PageID 798-802. The VE described Plaintiff's past work as an insurance processor/claims clerk (which he classified at the sedentary, semi-skilled level), and a photography studio supplies buyer (which he classified at the light, semi-skilled level). PageID 798. The ALJ proposed a series of hypotheticals regarding Plaintiff's RFC to the VE. *Id*. Based on Plaintiff's age, education, work experience, and RFC, the VE testified that such a person would be capable of performing Plaintiff's past relevant work as an insurance processor. *Id.*

### II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the Commissioner has a "'zone of choice' within which the Commissioner can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the

record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for DIB, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing that he or she is

"disabled" under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997). During the first four steps of the five-step sequential analysis, the claimant has the burden of proof. 42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520. Should the claimant meet all requirements of the previous steps, at Step 5 the burden shifts to the Commissioner to establish that the claimant retains the RFC to perform other substantial gainful activity existing in the national economy. *Key*, 109 F.3d at 274. As is made clear above, *see supra* (citing PageID 52), the ALJ stopped her analysis at Step 4 (by finding Plaintiff retained the RFC for her past relevant work), and did not proceed here to Step 5.

### III.

Having carefully reviewed the 700-plus page administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably reviewed the record, appropriately considered the medical evidence at issue, and she applied the 'good reasons' rule with respect to the medical evidence by Plaintiff's treaters. The ALJ asked appropriate hypothetical questions of the VE, and -- acting in reasonable reliance upon the VE's responsive testimony -- reasonably found, at Step 4, that Plaintiff is not disabled and is capable of performing her past relevant work. That analysis, without question, is supported by substantial evidence. Plaintiff, believing to the contrary, argues that the ALJ: (1) should have given controlling weight to her treating physician; and (2) erred by failing to properly assess her credibility and pain complaints. Doc. 9 at PageID 729. The Court disagrees. The record demonstrates that the ALJ reasonably analyzed Plaintiff's treating physician's opinion under the appropriate factors and found the opinion unentitled to significant weight. The ALJ also considered Plaintiff's pain allegations and reasonably determined Plaintiff was not fully credible. The Court finds this decision supported by substantial evidence.

### A. The Treating Physician Rule

In assessing the medical evidence supporting a claim for disability benefits, the ALJ must adhere to certain standards. Under the "treating physician rule," the ALJ is required to "generally give greater deference to the opinions of treating physicians than to the opinions of non-treating physicians." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). Nevertheless, a treating physician's statement -- that a claimant is disabled -- is not determinative of the ultimate issue of disability. *Landsaw v. Sec'y of H.H.S.*, 803 F.2d 211, 213 (6th Cir. 1986). Social Security regulations mandate that the question of disability is an administrative issue reserved solely to the province of the Commissioner. *Id.*; *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). A treating physician's opinion is to be given controlling weight only if it is well-supported by medically acceptable clinical and laboratory techniques, is not inconsistent with the other evidence of record, and is supported by the factors listed in 20 C.F.R. § 404.1527(d)(2). These factors include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).

Plaintiff contends the ALJ failed to accord proper deference to the opinion of her family physician, Risa L. Spieldoch, M.D. Doc. 9 at PageID 738. Dr. Spieldoch assessed Plaintiff's RFC on multiple occasions. On December 8, 2009, Dr. Spieldoch opined that Plaintiff could lift/carry less than 10 pounds; stand and walk for two hours a day during an eight-hour work day; and sit for less than an hour during an eight-hour work day, thus finding her disabled. PageID 646-49. On May 6, 2010, Dr. Spieldoch reiterated this opinion. PageID 681-84. On December 1, 2010, Dr. Spieldoch found that Plaintiff could not lift/carry any weight; could stand and walk

for less than an hour during an eight-hour work day; had postural limitations; and frequently experienced fatigue, weakness, and/or pain. PageID 708-10.

The ALJ is required to provide "good reasons" for discounting the weight given to a treating source opinion. 20 C.F.R. § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

The ALJ's decision in this regard is supported by substantial evidence. The ALJ declined to give controlling weight to Dr. Spieldoch's opinion, finding her opinion was "not supported by the overall medical record" and "inconsistent with the opinion of the claimant's treating neurosurgeon [Robert Dixon, D.O.]." PageID 50. The ALJ also found that Dr. Spieldoch's opinion was "based primarily on an uncritical acceptance of the claimant's subjective complaints." *Id.*

Additionally, the ALJ's decision is well-explained in her extensive discussion of the contrary medical evidence of record. PageID 46-49. For instance, the ALJ cited -- and appropriately relied upon -- the treatment Plaintiff received from Dr. Dixon, who performed a disc fusion on Plaintiff's back in February 2008. PageID 610-13. Following this surgery, Dr. Dixon noted that Plaintiff was healing well and advised reducing the use of narcotic pain medications. PageID 598. In July 2008, Plaintiff reported that she was completely off pain medications and her back pain was markedly improved. PageID 596. Plaintiff complained of worsening back pain to Dr. Dixon in October 2008, and he recommended physical therapy. PageID 594. When seen the following month, Dr. Dixon ordered an MRI, which showed mild (*i.e.*, non-disabling) degenerative changes in Plaintiff's back. PageID 668. Dr. Dixon recommended that Plaintiff not return to a job that required heavy lifting, repetitive bending, or

twisting.  PageID 669.  Additionally, Dr. Dixon performed a diskogram (a test used to evaluate back pain) in May 2010, which produced unremarkable results.  PageID 712-13.

The ALJ also properly considered the opinion of  Ron M. Koppenhoefer, M.D., who examined Plaintiff on September 24, 2007 and found that Plaintiff could perform sedentary work.  PageID 386-90.  Because Dr. Koppenhoefer saw Plaintiff only one time, and the examination was performed prior to her back surgery, the ALJ gave little weight to Dr. Koppenhoefer's opinion.  PageID 50.  The ALJ also gave little weight to the May 1, 2008 opinion of Gideon Letz, M.D., who performed an independent paper review of Plaintiff's medical record on behalf of her disability insurance carrier.  PageID 662-68.  Dr. Letz opined that Plaintiff would be unable to perform even sedentary work.  PageID 667.  The ALJ determined that Dr. Letz's opinion was not well supported by the overall medical evidence because he did not examine Plaintiff and, like Dr. Koppenhoefer, his review of the record did not include the final results from Plaintiff's back surgery.  PageID 50.  The ALJ's analysis of Dr. Koppenhoefer's and Dr. Letz's opinions applied the good reasons rule and adequately addressed their respective medical findings.  *See* 20 C.F.R. §§ 404.1527 (d)(2)-(4).

The ALJ took into consideration all of the medical evidence of record and reasonably accommodated Plaintiff's impairments by restricting Plaintiff to a limited range of light work.  PageID 46-50.  The ALJ fully and fairly considered the medical records by Plaintiff's treating physicians, and appropriately found Dr. Spieldoch's opinion unsupported by clinical findings of record.  The ALJ, instead, reasonably adopted treater Dixon's findings.  It is the ALJ's function to resolve inconsistencies and conflicts in the medical evidence, *see King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), and the record reveals that the ALJ considered all of the medical

evidence in assessing Plaintiff's RFC.  For these reasons, the Court finds Plaintiff's first assignment of error unpersuasive.[5]

### B. The ALJ's Analysis of Plaintiff's Pain and Credibility

As the Sixth Circuit has noted, "[c]redibility determinations with respect to subjective complaints of pain rest with the ALJ."  *Allen v. Comm'r of Soc. Sec.,* 561 F.3d 646, 652 (6th Cir. 2009) (quoting *Siterlet v. Sec'y of H.H.S.,* 823 F.2d 918, 920 (6th Cir. 1987)).  The Commissioner's regulations and Sixth Circuit precedent establish the standard an ALJ must follow when examining a claim of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky v. Bowen,* 35 F.3d 1027, 1039-40 (6th Cir. 1994) (quoting *Duncan v. Sec'y of H.H.S.*, 801 F.2d 847, 853 (6th Cir. 1986)).

If the ALJ finds, as she did here, that there are medically determinable impairments, the ALJ must then evaluate the "intensity and persistence" of the alleged pain to determine how it limits the claimant's capacity for work.  20 C.F.R. § 404.1529(c)(1).  The regulations provide seven factors that the ALJ must weigh including, *inter alia*, the claimant's daily activities; the

---

[5] The Court also notes that Plaintiff submitted records from pain management specialist, Mubin Syed, M.D., to the Appeals Council during the administrative appeals process.  PageID 36, 714-23. Where, as here, a claimant presents evidence to the Appeals Council but not to the ALJ, and the Appeals Council considers the additional evidence but declines to review Plaintiff's claim, the Court may not consider that additional evidence in determining whether the ALJ's decision is supported by substantial evidence.  *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001). The Court may only consider such evidence in connection with a request for a remand under Sentence Six of 42 U.S.C. § 405(g).  *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir. 1996).  In this case, Plaintiff does not request a Sentence Six remand for further consideration of Dr. Syed's records and the Court did not consider these records in making its determination.  Assuming, *arguendo*, that the Court were to have considered those records, the requirements of a Sentence Six remand -- materiality; and good cause for failing to produce the records earlier in the administrative process, *see* 42 U.S.C. § 405(g) -- are not satisfied in this instance.  *Accord Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483-88 (6th Cir. 2006).

location, duration, frequency, and intensity of symptoms; factors that aggravate symptoms; and medication taken to alleviate the symptoms. *Id.* § 404.1529(c)(3). The ALJ correctly applied the two-step standard in evaluating Plaintiff's subjective complaints of pain. *Id.* First, the ALJ determined that Plaintiff suffered from the severe impairment of "degenerative disk disease of the lumbosacral spine" and acknowledged the pain such condition would present. PageID 46. Second, the ALJ found that Plaintiff's statements about the pain's intensity were not credible as Plaintiff's "subjective pain complaints are grossly disproportionate with the objective findings." PageID 51.

The ALJ held that Plaintiff's RFC for a reduced range of light work "adequately addresses the location, duration, frequency, and intensity of [Plaintiff's] alleged symptoms." *Id.* In making this finding, the ALJ appropriately addressed the factors set forth in 20 C.F.R. § 404.1529(c)(3). This included Plaintiff's treatment history, her medications, the intensity of her symptoms and her daily activities. PageID 51-52. For example, the ALJ noted that Plaintiff testified to using "a cane for ambulation, which her husband had obtained for her." PageID 52. However, the ALJ reasonably noted that "there is no evidence of any treating or examining source prescribing an ambulatory aid." *Id.* Additionally, the ALJ noted that Dr. Dixon had previously diagnosed Plaintiff with narcotic-dependent pain syndrome, and encouraged her to reduce her narcotic usage as quickly as possible. PageID 594. Plaintiff showed improvement on this matter by July 2008 and reported she took no medication and her back pain had resolved. PageID 594-95. However, at the time of the hearing, Plaintiff reported she was on even stronger medication, including morphine sulfate. PageID 52. The ALJ reasonably found no objective evidence supported this level of pain. *Id.* Regarding her activities of daily living, the ALJ relied on Plaintiff's testimony that she was independent in self care; she was able to prepare simple meals for herself; she took care of pets; she shopped; and she drove on occasion. PageID 51.

The ALJ also noted that, on September 3, 2009, Plaintiff reported to her podiatrist she had gone to New Hampshire on vacation, and had "done a lot of walking." PageID 639. The ALJ reasonably found such statements inconsistent with Plaintiff's allegations of disabling pain. PageID 52. Because the ALJ's decision provides adequate support for her credibility determination, the Court defers to the ALJ on this issue, and finds the ALJ's analysis supported by substantial evidence. *See Casey*, 987 F.2d at 1234 (finding that absent compelling evidence to the contrary, an ALJ's credibility findings should be accorded deference).

**IV.**

It is not the Court's role to sift through the facts and make a *de novo* determination regarding a claimant's alleged disability status. If substantial evidence supports the ALJ's resolution of the disputed facts, the Court must affirm the ALJ even if the Court might have resolved the disputed facts in Plaintiff's favor had it been the trier of fact. *Nunn v. Bowen,* 828 F.2d 1140, 1144 (6th Cir. 1987). For the foregoing reasons, the Court finds Plaintiff's assignments of error unmeritorious, and the ALJ's non-disability determination supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED THAT:**

1.   The ALJ's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2.   This case be **CLOSED** on the Court's docket.

January 29, 2013                                                  **s/ Michael J. Newman**
                                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).